IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SEAN E. EDWARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-0729-CV-W-ODS |
| ) | |
| ERIC H. HOLDER, JR., ) | |
| ATTORNEY GENERAL, ) | |
| UNITED STATES DEPARTMENT ) | |
| OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |

ORDER AND OPINION DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pending is Defendant's Motion for Summary Judgment. The motion (Doc. # 37) is denied.

The parties' filings are very fact-intensive. Defendant presented 158 paragraphs of facts spanning more than thirty-seven pages. Plaintiff's response to Defendant's factual averments spans forty-one pages – and Plaintiff then presented 157 additional paragraphs of allegedly undisputed facts, spanning an additional thirty-six pages. Defendant's reply to Plaintiff's additional facts occupies twenty-five more pages. Therefore, the Court has become inordinately familiar with the intricate details surrounding this case (regardless of whether they are material or not), and the Court is in a position to offer these observations gleaned from its review of the Record (which may be useful, given that the Court is also the finder of fact at trial):

1. The Court agrees with many of Defendant's observations about Plaintiff's responses.

- In some instances Plaintiff contends facts are uncontroverted but does not provide a citation to the Record, which renders the purported contravention a nullity. Fed. R. Civ. P. 56(c)(1) (setting forth requirement that party opposing allegedly uncontroverted fact must support the claim that the fact is

controverted); Fed. R. Civ. P. 56(e) (setting forth repercussions for failure to follow Rule 56(c)).

- Some of Plaintiff's claimed contraventions are supported by a bare reference to Plaintiff's Affidavit – a thirty-page document containing forty paragraphs. The Court was not required to search through Plaintiff's Affidavit to find the portions that related to each fact in question. E.g., Libel v. Adventure Lands of Am., Inc., 482 F.3d 1028, 1032 (8th Cir. 2007). Nonetheless, the Court read Plaintiff's Affidavit in its entirety.
- Some of Plaintiff's alleged contraventions are not contraventions at all – they are attempts to add additional (and often immaterial) details in an attempt to "spin" the facts.
- In other instances, Plaintiff's citations to deposition transcripts and other materials do not actually controvert the facts Defendant presented.

2. Notwithstanding the previous observations, the Court is obligated – at *this* juncture – to review the Record in the light most favorable to the Plaintiff, and to afford the Plaintiff all reasonable inferences. The Court has examined all of the parties' factual averments and supporting material, and the Court concludes the Record demonstrates the existence of disputed issues of material fact that preclude entry of judgment as a matter of law – if just barely.

3. Plaintiff, of course, bears the burden of proof at trial. It may very well be that the difference between Defendant's burden at this juncture and Plaintiff's burden at trial will be critical, particularly as it relates to Plaintiff's burden to demonstrate Defendant subjected him to differing treatment because of his gender (and not for other reasons).

4. The Court rejects Plaintiff's argument that he need not prove that he suffered an adverse employment action. Plaintiff relies on 42 U.S.C. § 2000e-16(a), which states that "[a]ll personnel actions affecting employees [of the federal government] shall be made free from any discrimination based on race, color, religion, sex, or national origin." Plaintiff reasons that the prohibition applies to all personnel actions and decisions, even those that are not technically "adverse."

Plaintiff's argument has no legal support. To the contrary, the Eighth Circuit has consistently required that there be an adverse employment action in cases against the

2

Case 4:13-cv-00729-ODS   Document 49   Filed 02/19/15   Page 2 of 3

federal government, and has even done so while citing section 2000e-16(a). E.g., AuBuchon v. Geithner, 743 F.3d 638, 641 (8th Cir. 2014); Shaffer v. Potter, 499 F.3d 900, 905 (8th Cir. 2007). Plaintiff must prove that he suffered an adverse employment action.[1] That said, the Record, construed in Plaintiff's favor, does not establish the absence of an adverse employment action.[2]

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: February 19, 2015    UNITED STATES DISTRICT COURT

---

[1] AuBuchon cited the Supreme Court's decision in Burlington Northern & Santa Fe Railway Co. v. White, 548 U.S. 53 (2006). Both Burlington Northern and AuBuchon were cases involving retaliation, and it is not clear whether Burlington Northern's standard for what constitutes an "adverse employment action" applies only to retaliation cases or applies to discrimination cases as well. See, e.g., Ellis v. Houston, 742 F.3d 307, 329 (8th Cir. 2014) (suggesting Burlington Northern applies only to retaliation claims); Franklin v. Local 2 of the Sheet Metal Workers Int'l Assn., 565 F.3d 508, 520 (2009). Regardless of the proper test, the Record construed in Plaintiff's favor does not permit the Court to conclude that Plaintiff did not suffer an adverse employment action. Cf. Fisher v. Pharmacia & Upjohn, 225 F.3d 915, 919-20 (8th Cir. 2000) (pre-Burlington Northern case holding that a transfer could constitute an adverse employment action even without a change in pay).

The parties are advised that they should address the proper test in their Trial Briefs.

[2] With respect to Plaintiff's Quality Step Increase ("QSI") and Defendant's argument that this was a discrete employment action requiring Plaintiff to file an administrative charge: the Record and the parties are not clear as to the nature of any continuing benefits (if any) from a QSI. For instance, suppose a person were due a step increase in December and every year thereafter. Further suppose that person received a QSI in September. The Record does not clearly state whether the person's *next* regular step increase would occur the following September (one year from the QSI) or the following December (one year from when the regularly-scheduled step increase would have occurred). If the former, it seems that the denial of the QSI would constitute a continuing violation; if the latter, it seems that it would not.

3